UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL ANCONA, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 3:05 CV 363 (MRK) |
| | : | |
| TERESA LANTZ, | : | |
| | : | |
| Respondent. | : | |

**RULING AND ORDER**

Pending before the Court is Petitioner Michael Ancona's Petition for Writ of Habeas Corpus [doc. #1]. The facts and procedural history of this case are set forth in detail in the decision of the Connecticut Supreme Court in *State v. Ancona*, 270 Conn. 568 (2004), and were recently summarized by this Court in its ruling denying Mr. Ancona's Motion for Bail Pending Consideration of Petition for Writ of Habeas Corpus [doc. #4]. *See Ancona v. Lantz*, No. 05cv383 (MRK), 2005 WL 839655, at *1 (D. Conn. Apr. 8, 2005). Familiarity with these decisions is assumed, and therefore, the Court will not repeat those facts here.

Suffice it to say that this case arises out of Mr. Ancona's conviction for fabricating physical evidence and falsely reporting an incident, a conviction that was affirmed by the Connecticut Supreme Court. *See* Pet.'s Mem. at 2. In his habeas petition, Mr. Ancona asserts that improper comments made by the prosecutor in closing arguments at his state criminal trial violated his rights under the Due Process Clause and deprived him of a fair trial, a claim that was rejected by the Connecticut Supreme Court on direct appeal from his conviction. *See id*. at 7. Mr. Ancona now asks this Court to vacate the judgment of his conviction and remand his case to state court for a new trial. *See* Petition [doc. #1] at 9-10. Having considered the briefs submitted

by the parties,[1] the Court DENIES Mr. Ancona's Petition for Writ of Habeas Corpus [**doc. #1**].

**I.**

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, § 104, 110 Stat. 1214, 129, a federal habeas court may not grant "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" unless the Court is convinced that the state court's "decision [] was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). *See also Yarborough v. Alvarado*, 124 S. Ct. 2140, 2144 (2004) (same); *Christie v. Hollins*, 409 F.3d 120, 124-25 (2d Cir. 2005) (same).

Mr. Ancona does not seriously assert that the Connecticut Supreme Court's decision was directly contrary to federal law. Instead, Mr. Ancona's petition is founded on his claim that the Connecticut Supreme Court unreasonably applied clearly established federal law in affirming his conviction. *See* Resp.'s Opp'n at 28-29. As this Court discussed at length in its previous ruling in this case – a discussion that will not be repeated in full here – the United States Supreme Court has provided guidance to lower courts on how to analyze claims under the "unreasonable application" prong of the highly deferential AEDPA inquiry in three recent rulings. *See Ancona*, 2005 WL 839655, at *3-*4. In sum, two key principles emerge from these cases.

First, "a federal habeas court making the 'unreasonable application' inquiry should ask

---

[1] The Court considered the following pleadings filed by the parties: Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus [doc. #21] ("Pet.'s Mem."); and Respondent's Memorandum in Opposition to Petition for a Writ of Habeas Corpus [doc. #25] ("Resp.'s Opp'n").

2

whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409-13 (2000).  An *unreasonable* application of federal law is different from an *incorrect or erroneous* application of federal law.  A federal court may not grant a habeas petition unless it is convinced that the state court's ruling was not only erroneous but also objectively unreasonable. *See Brown v. Payton*, 125 S. Ct. 1432, 1439-40 (2005).  As the Second Circuit put it recently, "the AEDPA standard requires '[s]ome increment of incorrectness beyond error.' " *Christie*, 409 F.3d at 125 (internal citations omitted).

Second, in assessing the reasonableness of a state-court adjudication, the range of reasonable judgment can depend upon the nature of the rule at issue.  For a specific legal rule, "the range may be quite narrow" – either "plainly correct or incorrect." *Yarborough*, 124 S. Ct. at 2149.  Other rules are more general, however, affording courts leeway in reaching determinations on a case by case basis. *See id*.

As alluded to above, the Court has already had occasion to consider the objective reasonableness of the Connecticut Supreme Court's decision in the context of Mr. Ancona's Motion for Bond Pending Consideration of Petition for Writ of Habeas Corpus [doc. #4].  The Court denied Mr. Ancona's request in a lengthy opinion because the Court concluded that Mr. Ancona had not shown either a substantial likelihood of succeeding on the merits of his petition or the existence of extraordinary circumstances making the grant of bail necessary. *See Ancona*, 2005 WL 839655, at *2; *Mapp v. Reno*, 241 F.3d 221, 230 (2d Cir. 2001).  This time, the question before the Court is simply whether the Connecticut Supreme Court's decision rejecting Mr. Ancona's prosecutorial misconduct challenge to his conviction involved "an unreasonable application of" clearly established Supreme Court precedent.

Since the Court's ruling on Mr. Ancona's motion for bail, the Court has given the parties an opportunity to provide the Court with full briefing on the merits and to supplement the record with any additional exhibits they wished the Court to consider. In his brief on the merits of his Petition, Mr. Ancona substantially reiterated the arguments he had previously advanced in connection with his bail motion. *See* Pet.'s Mem. at 1 ("Petitioner's Supplemental Memorandum thoroughly presented the substantive arguments in support of the Petition for Writ of Habeas Corpus. Accordingly, petitioner incorporates Petitioner's Supplemental Bail Memorandum herein."). However, Mr. Ancona also specifically directed the Court's attention to the trial testimony of five witnesses. *See id.* at 7 (requesting the Court to review the testimony of Sergeant Driscoll, Officer Michaud, Sergeant Even, Officer O'Callaghan, and Mr. Ancona).

Having considered the parties' briefs, reviewed the transcript of Mr. Ancona's criminal trial, in particular the extensive portions of the transcript highlighted by the parties and the closing arguments of both sides at trial, and having reread the decisions by the Connecticut Appellate Court and Supreme Court in Mr. Ancona's direct appeal, the Court remains convinced that the Connecticut Supreme Court's decision rejecting Mr. Ancona's prosecutorial misconduct claims was not "objectively unreasonable," as *Williams* requires. The Court reaches that conclusion for substantially the same reasons discussed in the Court's ruling on Mr. Ancona's bail motion. *See Ancona*, 2005 WL 839655, at *4-*8. Rather than repeating its analysis of that issue at length here, the Court refers the parties to its prior ruling and merely highlights here the following three points.

First, the parties agree that the controlling United States Supreme Court precedent on prosecutorial misconduct at trial is *Darden v. Wainright*, 477 U.S. 168 (1986), in which the

Supreme Court held that in order to render a trial unfair, "[it] is not enough that the prosecutors' remarks were undesirable or even universally condemned. The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id*. at 181. Mr. Ancona does not appear to take issue with this Court's observation that the Connecticut Supreme Court correctly identified *Darden* as the guiding precedent. Nor does Mr. Ancona appear to dispute that in applying *Darden*, the Connecticut Supreme Court employed a six-factor analysis that it had adopted in *State v. Williams*, 204 Conn. 523, 540 (1987), and that is virtually identical to the analysis that the Second Circuit employs in assessing prosecutorial misconduct claims. *See Ancona*, 2005 WL 839655, at *5 (citing *United States v. Elias*, 285 F.3d 183, 190 (2d Cir. 2002); *United States v. Coriaty*, 300 F.3d 244, 255 (2d Cir. 2002); *United States v. Tocco*, 135 F.3d 116, 130 (2d Cir. 1998)).

Second, the parties also agree that the standard enunciated in *Darden* constitutes a general rule, which under *Yarborough v. Alvarado*, *supra*, entitled the Connecticut Supreme Court to "more leeway" in reaching its determination in Mr. Ancona's case. 124 S. Ct. at 2149; *see also* Resp.'s Opp'n at 32 n.18; Pet.'s Supplemental Mem. in Support of Motion for Bail [doc. #9] at 6 n.1. As *Yarborough* noted, "applying a general standard to a specific case can demand a substantial element of judgment," 124 S. Ct. at 2149, and it is apparent from the Connecticut Supreme Court's lengthy and thoughtful discussion of the issues that the court properly exercised its judgment in applying the correct legal standard to the particular facts presented by Mr. Ancona's case.

Third, and finally, the Court reiterates its view that the Connecticut Supreme Court reasonably concluded that: (1) the State's case against the defendant for fabricating evidence and

falsely reporting an incident was strong – a view that was only fortified by the Court's careful review of the trial transcript; (2) the prosecutor's comments, while undoubtedly improper, were neither frequent nor severe; (3) the trial court's general jury instructions likely minimized the impact of the prosecutor's comments; and (4) the jury's decision to acquit Mr. Ancona of the two more serious offenses he was charged with suggested that the prosecutor's improper comments did not undermine the jury's ability to discharge its duty fairly.[2]  *See Ancona*, 2005 WL 839655, at *5-*7.  As the Court previously discussed, these elements distinguish Mr. Ancona's case from the circumstances surrounding *Moore v. Morton*, 255 F.3d 95 (3d Cir. 2001), the case on which Mr. Ancona relies most heavily.  *See Ancona*, 2005 WL 839655, at *8.

## II.

In conclusion, for the reasons stated above, the Court DENIES Mr. Ancona's Petition for Writ of Habeas Corpus **[doc. #1]**.  **The Clerk is directed to close the file**.

IT IS SO ORDERED.

/s/        Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut on: July 1, 2005**.

---

[2] Mr. Ancona was also charged with two counts of assault in the second degree.  *See* Pet.'s Mem. at 2; Resp.'s Opp'n at 2 n.1.